IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Kong Chang,

   Plaintiff,

            Civil Action No.: _____

vs.

Client Services, Inc.,

   Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Wisconsin Consumer Act, Chapter 427, Wis. Stats., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. This is also an action for defendant s violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. §§ 1692k(d), 1693m, and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201.1 and 2202. Supplementary jurisdiction is proper under 28 U.S.C. § 1367.

### III. PARTIES

3. Plaintiff Kong Chang is a natural person and a citizen of the State of Wisconsin, residing at 1012 Delafield St., Apt. 17, Waukesha, WI 53188.

4. Plaintiff is a consumer pursuant to 15 U.S.C. §§ 1692a(3) and 1693a(5).

5. Upon information and belief, at all relevant times defendant Client Services, Inc. was a foreign corporation and an entity engaged in the business of collecting debts alleged to be owed to third parties, with a principal business address of 3451 Harry S. Truman Blvd., St. Charles, MO 63301.

6. Defendant is a debt collector pursuant to 15 U.S.C. § 1692a(6).

7. The principal purpose of defendant is the collection of debts using the mails and telephone, and defendant regularly attempts to collect debts alleged to be due merchants or other third parties.

8. Client Services regularly conducts business in Wisconsin and is registered to do business in Wisconsin, with its registered agent designated as CT Corporation System, 8025 Excelsior Dr., Suite 200, Madison WI 53717.

### IV. FACTUAL ALLEGATIONS

9. During various periods in 2004, Client Services has collected and attempted to collect from plaintiff a VISA credit card debt allegedly due to another.

10. In or about July, 2004, Mr. Chang verbally authorized defendant to electronically withdraw $213.32 from his bank account.

11.     On or about August 3, 2004, Client Services electronically withdrew the $213.32 from Mr. Chang's checking account upon that verbal authorization.

12.     On or about August 10, 2004, Client Services deducted $413.32 from Mr. Chang's checking account. This withdrawal was unauthorized, and Mr. Chang never gave defendant consent to make this withdrawal from his account.

13.     On or about August 18, 2004, Client Services deducted another $413.32 from Mr. Chang's checking account. This withdrawal was likewise unauthorized, and Mr. Chang never gave defendant consent to make this withdrawal from his account.

14.     Mr. Chang never signed any written authorization for transfers from his bank account via electronic means.

15.     The unauthorized withdrawals caused checks Mr. Chang had previously written to others to be returned for insufficient funds, causing Mr. Chang damages.

16.     When Mr. Chang discovered that Client Services made two unauthorized withdrawals from his checking account, he demanded that defendant investigate and handle the problem, so that money he had not authorized would be returned to him and so that defendant would compensate him for the additional charges these unapproved transactions caused plaintiff.

17.     Client Services has refused to refund the money withdrawn without authorization or the overdraft/returned check fees, taking the position that it did nothing wrong.

18. On or about August 19, 2004, after Mr. Chang became aware of the unauthorized withdrawals, he spoke to various people at Client Services, including individuals who identified themselves as Stan Haus, Sandy Kuhlman, and Mr. Mason.

19. Mr. Chang first spoke with Stan Haus, who treated Mr. Chang very disrespectfully, calling him King various times and speaking in an extremely offensive Chinese/Asian accent. Mr. Chang could hear Ms. Kuhlman laughing in the background.

20. Mr. Haus represented to plaintiff that the August withdrawals had in fact been authorized back in June. This representation was untrue.

21. At one point in the August 19 conversation, Ms. Kuhlman (who had handled Mr Chang s account in the past) came on the line and advised Mr. Chang that he should fax proof of his assertions to her and that she would take care of it.

22. Mr. Chang advised Ms. Kuhlman that he had already unsuccessfully tried to send a fax to Client Services several times relating to this matter, and that the fax would never go through. Mr. Chang asked for a street address to send the proof of his assertions, and Ms. Kuhlman advised him not to mail the materials but to fax them instead from a machine at Kinko s, which has a better fax machine and is cheaper than mailing.

23. Mr. Chang then asked to speak to a supervisor, and Mr. Haus returned to the line. When Mr. Chang realized that it was the same person who had earlier mocked him in an offensive Chinese/Asian accent, he stated that Mr. Haus could not possibly be the manager. Mr. Chang ended the call after requesting that defendant contact his bank to

4

verify his statements and get back to him.

24. Shortly after the August 19 telephone conversation, Ms. Kuhlman called Mr. Chang back on that same day. She represented to plaintiff that he was wrong that Client Services had made unauthorized withdrawals and that Mr. Chang must have mistakenly confused this with another transaction. These representations were untrue.

25. Mr. Chang again asked to speak to a supervisor and was initially advised that the supervisor had left for the day.

26. After talking more with plaintiff, Ms. Kuhlman eventually got a Mr. Mason on the line, who identified himself as Ms. Kuhlman s manager. Mr. Mason advised plaintiff that he had agreed to the withdrawals taken out of his account. This representation was untrue.

27. Upon information and belief, defendant never contacted plaintiff s bank or otherwise confirmed that the withdrawals were unauthorized.

28. Plaintiff has requested verification from Client Services that he authorized the withdrawals as defendant has repeatedly claimed, but defendant has refused to provide such verification.

29. Defendant has failed and refused to refund plaintiff s money that it converted from his bank account.

30. Defendant intentionally failed to comply with the Electronic Funds transfer act and has acted with intentional and deliberate disregard of plaintiff s rights.

31. Plaintiff has suffered damages, including pecuniary loss and emotional distress, embarrassment, humiliation, and aggravation, as a result of the defendant's actions.

32. Plaintiff has incurred and will continue to incur attorney's fees and costs in the prosecution of this action.

## V. FIRST CLAIM FOR RELIEF
## ELECTRONIC FUNDS TRANSFER ACT

33. Plaintiff repeats and realleges all of the preceding paragraphs and incorporates them by reference.

32. Defendant has violated the Electronic Funds Transfer Act in at least the following respect: violation of 15 U.S.C. § 1693e.

33. Upon information and belief, defendant has violated other consumer protection statutes and/or trade practices statutes under federal or state consumer or trade practices acts with respect to the plaintiff.

34. As a result of defendant's violations, plaintiff is entitled to an award compensating him for his damages, plus attorney's fees and costs in pursuit of this action.

## VI. SECOND CLAIM FOR RELIEF
## FAIR DEBT COLLECTION PRACTICES ACT

35. Defendant's collection communications have violated at least the following provisions of the FDCPA: 15 U.S.C. §§ 1692d, 1692e, 1692(10), and 1692f.

36. Upon information and belief, defendant's collection efforts have resulted in additional violations of the FDCPA.

37. As a result of defendant's violations of the FDCPA, plaintiff is entitled to an award compensating him for damages, attorney's fees, and costs in pursuit of this action.

## VII. THIRD CLAIM FOR RELIEF
## WISCONSIN CONSUMER ACT

38. Plaintiff repeats and realleges all of the preceding paragraphs and incorporates them by reference.

39. The debt allegedly arose from a consumer credit transaction or other consumer transaction where there allegedly was an agreement to defer payment.

40. Defendant s collection communications have violated the Wisconsin Consumer Act Debt Collection Chapter, § 427.104, Wis. Stats. in at least the following respects: violation of §§ 427.104(g), 427.104(h), and 427.104(j).

41. Upon information and belief, defendant engaged in other violations of the Wisconsin Consumer Act with respect to plaintiff.

42. Plaintiff is entitled to injunctive relief under § 426.109, Wis. Stats., to enjoin further withdrawals from plaintiff s bank account(s).

43. Plaintiff is entitled to the statutory penalty and actual damages under the Wisconsin Consumer Act, including emotional distress or mental anguish, as well as his costs and attorney s fees in pursuit of this action, and punitive damages.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that judgment be entered against the defendant in his favor for:

   A.   Actual damages;
   B.   Statutory damages;
   C.   Punitive damages;
   D.   a declaration that the defendant s actions violated the Fair Debt Collection Practices Act, the Electronic Funds Transfer Act, and the Wisconsin Consumer Act;
   E.   injunctive relief precluding defendant from making further withdrawals from plaintiff s bank account(s);
   F.   costs and reasonable attorney's fees; and
   G.   for such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands that this cause be tried by a jury.

Dated this 27th day of December, 2004.

/s/_____
De Vonna Joy
SBN 1018939
Attorney for Plaintiff

Consumer Justice Law Center
S74 W17065 Janesville Rd., PMB 256
Muskego WI 53150
(UPS or Federal Express Only, Please)
OR

Consumer Justice Law Center
P.O. Box 51
Big Bend, WI 53103-0051
Tele:  262- 662-3982
Fax: 262-662-0504
E-mail: consumerjustice@wi.rr.com